## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **VIRNETX INC. and** | § | |
| **SCIENCE APPLCIATIONS** | § | |
| **INTERNATIONAL CORPORATION,** | § | |
| | § | |
| **Plaintiffs,** | § | Civil Action No. 13-cv-351 |
| | § | |
| **vs.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **MICROSOFT CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF VIRNETX INC.'S AND PLAINTIFF SCIENCE APPLICATIONS INTERNATIONAL CORPORATION'S ORIGINAL COMPLAINT

Plaintiff VirnetX Inc. ("VirnetX") and Plaintiff Science Applications International Corporation ("SAIC") file this Original Complaint against Defendant Microsoft Corporation ("Microsoft") for patent infringement under 35 U.S.C. § 271 and allege, based on its own personal knowledge with respect to its own actions and based upon information and belief with respect to all others' actions, as follows:

### THE PARTIES

1.      Plaintiff VirnetX Inc. is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business at 308 Dorla Ct., Zephyr Cove, Nevada 89448.

2.      Science Applications International Corporation ("SAIC") is a corporation formed under the laws of the state of Delaware with a principal place of business at 1710 SAIC Drive, Mclean, Virginia 22102.

3.      Defendant Microsoft Corporation is a corporation organized under the laws of the State

of Washington, having its principal place of business at One Microsoft Way, Redmond,

Washington 98052.  Microsoft is registered to conduct business in the State of Texas,

Filing No. 10404606, and has designated Corporation Service Company, 211 E. 7th

Street, Suite 620, Austin, Texas 78701, as its agent for service of process.

### JURISDICITON AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. §§ 1 *et seq*.  This Court has jurisdiction over this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Microsoft.  Microsoft conducts business and has

committed acts of patent infringement and/or has induced acts of patent infringement by

others in this district and/or has contributed to patent infringement by others in this

district, the State of Texas, and elsewhere in the United States.

6.      Microsoft has also previously availed itself to this judicial district by filing suit against

other litigants in this district.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b)

because, among other things, Microsoft is subject to personal jurisdiction in this district,

has regularly conducted business in this judicial district, and certain of the acts

complained of herein occurred in this judicial district.

8.      Venue is also proper in this district pursuant to an enforceable agreement between the

parties that the Eastern District of Texas shall be the sole and exclusive venue for any

lawsuit arising out of or relating to the settlement agreement between VirnetX and

Microsoft.

**PATENTS-IN-SUIT**

9.      On December 31, 2002, the United States Patent and Trademark Office duly and legally

issued U.S. Patent No. 6,502,135 (the "'135 patent"), entitled "Agile Network Protocol

for Secure Communications with Assured System Availability."  A true and correct copy

of the '135 patent is attached hereto as Exhibit A.

10.     On March 6, 2007, the United States Patent and Trademark Office duly and legally issued

U.S. Patent No. 7,188,180 (the "'180 patent"), entitled "Method for Establishing Secure

Communication Link Between Computers of Virtual Private Network."  A true and

correct copy of the '180 patent is attached hereto as Exhibit B.

11.     On August 26, 2008, the United States Patent and Trademark Office duly and legally

issued United States Patent No. 7,418,504 (the "'504 patent") entitled "Agile Network

Protocol for Secure Communications Using Secure Domain Names."  A copy of the '504

patent is attached as Exhibit C.

12.     On February 10, 2009, the United States Patent and Trademark Office duly and legally

issued United States Patent No. 7,490,151 (the "'151 patent") entitled "Establishment of

a Secure Communication Link Based on a Domain Name Service (DNS) Request."  A

copy of the '151 patent is attached as Exhibit D.

13.     On April 5, 2011, the United States Patent and Trademark Office duly and legally issued

United States Patent No. 7,921,211 (the "'211 patent") entitled "Agile Network Protocol

for Secure Communications Using Secure Domain Names."  A copy of the '211 patent is

attached as Exhibit E.

14.     On July 26, 2011, the United States Patent and Trademark Office duly and legally issued

United States Patent No. 7,987,274 ("the '274 patent") entitled "Method for establishing

secure communication link between computers of virtual private network."  A copy of the '274 patent is attached as Exhibit F.

15.     VirnetX, together with SAIC, owns all rights, title, and interest in and to the '135, '180, '504, '151, '211, and '274 patents[1] and possesses all rights of recovery.

## FACTUAL ALLEGATIONS

16.     On February 15, 2007, VirnetX filed suit against Microsoft for patent infringement, including infringement of the '135 patent.  VirnetX subsequently amended its complaint to assert the '180 patent against Microsoft.

17.     On March 16, 2010, a jury found Microsoft liable for willful infringement of all tried claims.  The jury also awarded $105,750,000 in damages.

18.     On April 6, 2010, VirnetX moved for entry of judgment on the verdict and for a permanent injunction against Microsoft's continued infringement.

19.     On May 14, 2010, VirnetX and Microsoft entered into a settlement agreement and license in which VirnetX granted a limited license to Microsoft.  The license that VirnetX granted to Microsoft was explicitly limited in scope, and Microsoft is not licensed to practice VirnetX's technology in certain excluded ways, particularly across non-Windows platforms.

20.     "Skype" refers collectively to internet communication software applications, Skype-branded hardware or software applications, servers that are used to facilitate Skype communications, the Qik branded software applications and includes any improvements, modifications, enhancements, fixes, updates, upgrades and future versions through trial.

---

[1] SAIC maintains an equity interest and review rights related to the '135, '180, '504, '151, '211, and '274 patents.

21.     On October 13, 2011, Microsoft acquired all of the issued and outstanding shares of
Skype Global S.á r.l. for approximately $8.5 billion.

22.     Microsoft now develops and markets Skype.

23.     Skype runs on a number of platforms including Microsoft Windows, Windows Phone,
OS X, iOS, Linux, Android, BlackBerry, and Symbian.

24.     "Lync" refers collectively to Microsoft internet communication software applications,
Lync Server, Lync Online, Lync client software, Lync Web App, other Lync-branded
hardware or software applications, servers that are used to facilitate Lync
communications and includes any improvements, modifications, enhancements, fixes,
updates, upgrades and future versions through trial.

25.     Lync runs on a number of platforms including Microsoft Windows, Windows Phone,
OS X, iOS, Android, BlackBerry, and Symbian.

26.     Microsoft has integrated or is integrating Skype into Lync.

27.     Microsoft has committed and continues to commit acts of infringement under
35 U.S.C. § 271 with Skype and Lync, and these acts of infringement fall outside of the
scope of the license that VirnetX granted to Microsoft.  In committing these acts of
infringement, Microsoft acted despite an objectively high likelihood that its actions
constituted infringement of at least one valid patent, and Microsoft actually knew or
should have known that its actions constituted an unjustifiably high risk of infringement
of at least one valid and enforceable patent.

## COUNT ONE: PATENT INFRINGEMENT BY MICROSOFT

28.     VirnetX incorporates by reference the preceding paragraphs as if fully set forth herein.

29.     As described below, Microsoft has infringed and continues to infringe the '135, '180,
'504, '151, '211, and '274 patents (the "patents-in-suit").

30.     Skype meets claims of the patents-in-suit.

31.     Microsoft's products that include Skype, such as Lync, meet claims of the patents-in-suit.

32.     Microsoft's Lync meets claims of at least the '135, '504, '151, and '211 patents.

33.     Microsoft makes, uses, offers to sell, sells and/or imports Skype and Microsoft products that include Skype within the United States or into the United States without authority from VirnetX.  This infringement is outside of the scope of the limited license that VirnetX granted to Microsoft.

34.     Microsoft makes, uses, offers to sell, sells and/or imports Lync within the United States or into the United States without authority from VirnetX.  This infringement is outside of the scope of the limited license that VirnetX granted to Microsoft.

35.     Microsoft therefore infringes the patents-in-suit under 35 U.S.C. § 271(a).

36.     Microsoft has actual knowledge of the '135 patent at a minimum through the prior litigation and/or the license between VirnetX and Microsoft.

37.     Microsoft has actual knowledge of the '180 patent at a minimum through the prior litigation and/or the license between VirnetX and Microsoft.

38.     Microsoft has actual knowledge of the '504 patent at a minimum through the prior litigation and/or the license between VirnetX and Microsoft.

39.     Microsoft has actual knowledge of the '151 patent at a minimum through the prior litigation and/or the license between VirnetX and Microsoft.

40.     Microsoft has actual knowledge of the '211 patent at a minimum through the prior litigation and/or the license between VirnetX and Microsoft.

41.     Microsoft has actual knowledge of the '274 patent at a minimum through the prior litigation and/or the license between VirnetX and Microsoft.

42.  Microsoft indirectly infringes the patents-in-suit by inducing infringement by others, such as product assemblers, resellers, and end-user customers, because Microsoft, for example, instructs and/or requires these third parties to make, use, sell, offer to sell or import Skype and/or Microsoft products that include Skype in or into the United States. Microsoft additionally indirectly infringes the patents-in-suit by instructing and/or requiring Skype and/or Microsoft products that include Skype to be sold and offered for sell in the United States, and by instructing or requiring Skype and/or Microsoft products to be installed and used in the United States.

43.  Microsoft indirectly infringes the '135, '504, '151, and '211 patents by inducing infringement by others, such as product assemblers, resellers, and end-user customers, because Microsoft, for example, instructs and/or requires these third parties to make, use, sell, offer to sell or import Lync in or into the United States.  Microsoft additionally indirectly infringes the patents-in-suit by instructing and/or requiring Lync to be sold and offered for sell in the United States, and by instructing or requiring Lync to be installed and used in the United States.

44.  Microsoft took the above actions intending to cause infringing acts by others.

45.  Microsoft was aware of the patents-in-suit and knew that the others' actions, if taken, would constitute infringement of those patents.  Alternatively, Microsoft believed there was a high probability that others would infringe the patents-in-suit but remained willfully blind to the infringing nature of others' actions.  Microsoft therefore infringes the patents-in-suit under 35 U.S.C. § 271(b), and this infringement is outside of the scope of the limited license that VirnetX granted to Microsoft.

46.   Microsoft indirectly infringes the patents-in-suit by contributing to infringement by others, such as product assemblers, resellers, and end-user customers by offering to sell and/or selling within the United States products that contain Skype-related components that constitute a material part of the inventions claimed in the patents-in-suit, and components of products that are used to practice one or more processes/methods covered by the claims of the patents-in-suit and that constitute a material part of the inventions claimed in the patents-in-suit.  Such Skype-related components are, for example, the software components that perform DNS-proxy functionality claimed in the patents-in-suit, the software components that perform domain name resolution and support establishing secure communication links, the software components that transmit queries to perform domain name resolution and support establishing secure communication links, the software components that resolve secure domain names, and the software components that install Skype on a computer or server.

47.   Microsoft indirectly infringes the patents-in-suit by contributing to infringement by others, such as product assemblers, resellers, and end-user customers by offering to sell and/or selling within the United States products that contain Lync-related components that constitute a material part of the inventions claimed in the patents-in-suit, and components of products that are used to practice one or more processes/methods covered by the claims of the patents-in-suit and that constitute a material part of the inventions claimed in the patents-in-suit.  Such Lync-related components are, for example, the software components that perform DNS-proxy functionality claimed in the patents-in-suit, the software components that perform domain name resolution and support establishing secure communication links, the software components that query Lync

servers to perform domain name resolution and support establishing secure communication links, and the software components that install Lync on a computer or server.

48.     In the above offering to sell and/or selling, Microsoft has known these Skype-related and Lync-related components to be especially made or especially adapted for use in an infringement of the patents-in-suit and are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Alternatively, Microsoft believed there was a high probability that others would infringe the patents-in-suit but remained willfully blind to the infringing nature of others' actions.  Microsoft therefore infringes the patents-in-suit under 35 U.S.C. § 271(c), and this infringement is outside of the scope of the limited license that VirnetX granted to Microsoft.

49.     Microsoft's acts of infringement have caused damage to VirnetX. VirnetX is entitled to recover from Microsoft the damages sustained by VirnetX as a result of Microsoft's wrongful acts in an amount subject to proof at trial. In addition, the infringing acts and practices of Microsoft have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to VirnetX for which there is no adequate remedy at law, and for which VirnetX is entitled to injunctive relief under 35 U.S.C. § 283.

50.     Microsoft has received actual notice of its infringement prior to this lawsuit, including at least through VirnetX's previous litigation against Microsoft and the license between Microsoft and VirnetX.  Microsoft has also received constructive notice as VirnetX marks its products in compliance with 35 U.S.C. § 287.

51.     Microsoft has committed and continues to commit acts of infringement under 35 U.S.C. § 271 with Skype and Lync, and these acts of infringement fall outside of the scope of the license that VirnetX granted to Microsoft.  In committing these acts of infringement, Microsoft acted despite an objectively high likelihood that its actions constituted infringement of at least one valid claim of at least one patent-in-suit, and Microsoft actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of at least one valid and enforceable patent.

52.     Microsoft's infringement of the patents-in-suit has been and continues to be willful.

## DEMAND FOR JURY TRIAL

VirnetX hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

1.   A judgment that Microsoft has directly infringed the patents-in-suit, contributorily infringed the patents-in-suit, and/or induced the infringement of the patents-in-suit;

2.   A preliminary and permanent injunction preventing Microsoft and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the patents-in-suit;

3.   A judgment that Microsoft's infringement of the patents-in-suit has been willful;

4.   A ruling that this case be found to be exceptional under 35 U.S.C. § 285, and a judgment awarding VirnetX to its attorneys' fees incurred in prosecuting this action;

5.   A judgment and order requiring Microsoft to pay VirnetX damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

6.  A judgment and order requiring Microsoft to pay VirnetX the costs of this action (including all disbursements);

7.  A judgment and order requiring Microsoft to pay VirnetX pre-judgment and post-judgment interest on the damages awarded;

8.  A judgment and order requiring that in the event a permanent injunction preventing future acts of infringement is not granted, that VirnetX be awarded a compulsory ongoing licensing fee; and

9.  Such other and further relief as the Court may deem just and proper.


Dated: April 22, 2013                                   Respectfully submitted,

                                                        CALDWELL CASSADY & CURRY

                                                        Bradley W. Caldwell
                                                        Texas State Bar No. 24040630
                                                        Email:  bcaldwell@caldwellcc.com
                                                        Jason D. Cassady
                                                        Texas State Bar No. 24045625
                                                        Email:  jcassady@caldwellcc.com
                                                        John Austin Curry
                                                        Texas State Bar No. 24059636
                                                        Email:  acurry@caldwellcc.com
                                                        Daniel R. Pearson
                                                        Texas State Bar No. 24070398
                                                        Email:  dpearson@caldwellcc.com
                                                        CALDWELL CASSADY & CURRY
                                                        1717 McKinney, Suite 700
                                                        Dallas, Texas 75202
                                                        Telephone: (214) 810-4705
                                                        Facsimile: (214) 481-1757

                                                        Robert M. Parker
                                                        Texas State Bar No. 15498000
                                                        Email:  rmparker@pbatyler.com
                                                        R. Christopher Bunt
                                                        Texas State Bar No. 00787165

Email:  rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
VIRNETX INC.**


/s/ *Andy Tindel*
ANDY TINDEL (Lead Counsel)
State Bar No. 20054500
Mann, Tindel & Thompson –
Attorneys at Law
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

Of Counsel:

DONALD URRABAZO
California State Bar No. 189509
ARTURO PADILLA
California State Bar No. 188902
URRABAZO LAW, P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Direct: (310) 388-9099
Facsimile: (310) 388-9088
Email: durrabazo@ulawpc.com
Email: apadilla@ulawpc.com

**ATTORNEYS FOR PLAINTIFF
SCIENCE APPLICATIONS
INTERNATIONAL CORPORATION**